UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-CV-13-KKC

LARRY SMITH and
DAVID SMITH, PLAINTIFFS,

vs. **OPINION AND ORDER**

MID-VALLEY PIPELINE COMPANY,
SUNOCO PIPELINE, L.P., and
SUN PIPELINE COMPANY, DEFENDANTS.

* * * * * * *

This matter is before the Court on Defendant, Sun Pipeline Company's ("SPC"), Motion to Dismiss [Rec. No. 3] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the the Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND FACTS

In February 2007, the Plaintiffs filed this action against the Defendants alleging multiple claims arising out of an oil spill from the Mid-Valley Pipeline ("Pipeline"). The Pipeline runs through Plaintiffs' farm pursuant to an easement ("the Easement") granted by Plaintiffs' predecessor in title to Defendant Mid-Valley Pipeline Company in 1949. The Plaintiffs allege that the oil spill, which occurred January 26, 2005, contaminated and damaged the soil on their farm.

In February 2007, Defendant, SPC, filed the current Motion to Dismiss arguing that all of Plaintiffs' claims against it should be dismissed because it neither owned nor operated the Pipeline during the relevant time period alleged in the Complaint.

**II. MOTION TO DISMISS STANDARD**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "The reviewing court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

**III. ANALYSIS**

The Plaintiffs allege a number of claims including violations of the Oil Pollution Act ("OPA"), negligence, gross negligence, res ipsa loquitur, nuisance, nuisance pursuant to KRS Chapter 411, trespass, strict liability, and breach of easement and agreement. The Court will discuss each claim separately.

**A. OPA Claim**

"The Oil Pollution Act ("OPA" or the "Act"), was enacted by Congress in the wake of the Exxon Valdez oil spill to provide a prompt, federally-coordinated response to oil spills in navigable waters of the United States and to compensate innocent victims." *Smith Property Holdings 4411 Connecticut L.L.C. v. United States*, 311 F.Supp.2d 69, 73-76 (D.D.C.2004) (quoting *Gatlin Oil Co. v. United States*, 169 F.3d 207, 209 (4th Cir.1999)). "The Act provides that each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines ... is liable for the removal costs and damages specified in subsection (b) of this

section that result from such incident." *Id*. In the case of a pipeline, the statute defines a responsible party as "any person owning or operating the pipeline." 33 U.S.C. § 2701(32)(E).

The Defendant, SPC, has not owned nor operated the Pipeline since 2002. [Rec. No. 3, Memorandum in Support, pg. 2]. The incident in question occurred on or after January 26, 2005. [Rec. No. 1, Complaint, pg. 2]. Plaintiffs have failed to state a claim pursuant to the OPA because SPC neither owned nor operated the Pipeline at the time of the incident, thus, SPC is not a responsible party under the OPA.

**B. Res Ipsa Loquitur Claim**

In order to invoke the doctrine of res ipsa loquitur, the following requirements must be met: "(1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident." *Vernon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960).

SPC ceased to hold any interest in the Pipeline in 2002, thus, Plaintiffs cannot show that the Pipeline was in the exclusive control of SPC at the time of the oil spill. Therefore, Plaintiffs have failed to state a claim against SPC pursuant to the doctrine of res ipsa loquitur.

**C. Negligence Claim**

"In order to state a cause of action based on negligence, a plaintiff must establish a duty on the defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff. *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436-37 (Ky. Ct. App. 2001). Plaintiffs allege that Defendants installed, constructed, maintained and/or

operated the Pipeline in a negligent manner causing damage to Plaintiffs real property. [Rec. No. 1, Complaint, pg. 9].

In considering a motion to dismiss, the factual allegations in the complaint must be regarded as true and "[t]he claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). At this stage in the litigation, Plaintiffs have set forth sufficient facts to state a claim for negligence against SPC, thus, Plaintiffs' negligence claim against SPC will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**D. Gross Negligence**

"Like many states, Kentucky distinguishes ordinary from gross negligence, the former meaning the absence of ordinary care, and the latter meaning the absence of slight care." *Donegan v. Beech Bend Raceway Park, Inc.*, 894 F.2d 205, 207 (6th Cir. 1990). Kentucky defines willful or wanton negligence as "the entire absence of care for the life, person or property of others." *Louisville & N.R.R. v. George*, 279 Ky. 24, 29, 129 S.W.2d 986, 988-89 (1939). Gross negligence contains "an element of conscious disregard of the rights or safety of others, which deserves extra punishment in tort." *Donegan,* 894 F.2d at 207.

Plaintiffs allege that during the oil discharge response, Defendants showed willful disregard and indifference to the consequences to the Plaintiffs. [Rec. No. 1, Complaint, pg. 8]. The oil spill occurred on or after January 26, 2005. [Rec. No. 1, Complaint, pg. 2].
The Defendant SPC has not owned nor operated the Pipeline since 2002, thus, SPC had no involvement in the oil discharge response. [Rec. No. 3, Memorandum in Support, pg. 2].

Plaintiffs' gross negligence claim is based on Defendants' conduct after the oil spill, thus, Plaintiff has failed to allege sufficient facts to maintain a claim for gross negligence against SPC.

**E. Strict Liability Claim**

Plaintiffs broadly allege that the Defendants are subject to strict liability as a result of the oil spill.[1] The Court infers from Plaintiffs' statements that they are alleging that the Defendants are strictly liable for the release of oil from the Pipeline because such a release is an abnormally dangerous activity. *See Smith v. Carbide and Chemicals Corp*., 298 F. Supp. 2d 561 (W.D.Ky. 2004). Restatement (Second) of Torts § 519 provides that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land, or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." Restatement (Second) of Torts § 519(1). The Court would caution the Plaintiffs that "no Kentucky case has extended strict liability to the transmission of oil through pipelines." *Cantrell v. Marathon Ashland Pipe Line, LLC*, 2005 WL 1570652 (E.D.Ky. 2005)(unpublished). However, in considering the Motion to Dismiss, the Court must construe the complaint in the light most favorable to the Plaintiffs, thus, Plaintiffs strict liability claim against SPC will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Arrow*, 358 F.3d at 393.

**F. Trespass and Nuisance Claims**

"Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass." *Rockwell Intern. Corp. v. Wilhite*,

---

[1] Plaintiffs' Complaint simply states that Defendants are strictly liable for the damages that allegedly resulted from the oil spill. [Rec. No. 1, Complaint, pg. 12].

143 S.W.3d 604, 619 (Ky. Ct. App. 2003). Kentucky follows the Restatement ( Second) of Torts § 165, which provides:

> One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or to a thing or a third person in whose security the possessor has a legally protected interest.

Plaintiffs also assert that oil spill combined with Defendants' subsequent actions constitutes a nuisance. Plaintiffs' nuisance action is based on common law and KRS Chapter 411. "KRS 411.520(1) provides that nuisance actions arising at common law are governed statutorily by KRS 411.500 to 411.570." *Wilhite*, 143 S.W.3d at 625.

"Kentucky law recognizes both temporary and permanent nuisances...A nuisance is temporary if it is created by a permanent structure that has been improperly constructed or operated." *Huffman v. U.S.*, 82 F.3d 703, 705 (6th Cir. 1996). Kentucky Revised Statute § 411.540(2) provides as follows:

> (2) A temporary nuisance shall exist if and only if a defendant's use of property causes unreasonable and substantial annoyance to the occupants of the claimant's property or unreasonably interferes with the use and enjoyment of such property, and thereby causes the value of use or the rental value of the claimant's property to be reduced.

"A nuisance is permanent if it is created by a permanent structure that has been properly constructed and operated." *Huffman*, 82 F.3d at 705. Kentucky Revised Statute § 411.530(2) provides as follows:

> (2) A permanent nuisance shall exist if and only if a defendant's use of property causes unreasonable and substantial annoyance to the occupants of the claimant's property or unreasonably interferes with the use and enjoyment of such property, and thereby causes the fair market value of the claimant's property to be materially

reduced.

Plaintiffs' Complaint alleges that Defendants' actions caused substantial annoyance which deprived Plaintiffs of access to and use of their farm causing damage to Plaintiffs property and crops. [Rec. No. 1, Complaint, pg. 11]. Furthermore, the Complaint alleges that Defendants' conduct constitutes an inexcusable trespass, which resulted in damages to the Plaintiffs. Defendant SPC's Motion to Dismiss is based solely on the fact that it no longer owned or operated the Pipeline at the time of the oil spill. In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations contained therein. *Cooey v. Strickland*, 479 F.3d 412, 415 (6th Cir. 2007). Plaintiffs have alleged sufficient facts to state claims for nuisance and trespass against the Defendant SPC.

**G. Breach of Easement and Agreement Claim**

Plaintiffs allege that Defendants breached the terms of the Easement. The Easement was granted by Plaintiffs' predecessor in title to Defendant Mid-Valley Pipeline Company in 1949. Under Kentucky law, "in order to recover in any action based on breach of a contract, a plaintiff must show the existence and the breach of a contractually imposed duty." *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir.2001). Thus, in order to maintain an action for breach of easement or agreement against the Defendant SPC, the Plaintiffs must present evidence of an actual agreement between them and SPC, which imposed some duty on SPC. *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006). Plaintiffs' Complaint clearly states that the Easement was executed between the Plaintiffs' predecessor in title and Defendant Mid-Valley Pipeline Company. [Rec. No. 1, Complaint, pg. 5]. Plaintiffs have failed to allege that a contract existed between themselves and SPC, thus, Plaintiffs have failed to state a claim for breach of easement

or agreement against SPC.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Sun Pipeline Company's Motion to Dismiss [Rec. No. 3] is **GRANTED in part** and **DENIED in part**. The Motion is GRANTED as to Plaintiffs' claims against Sun Pipeline Company based on the Oil Pollution Act, res ipsa loquitur, gross negligence, and breach of easement. The Motion to Dismiss is otherwise DENIED.

This the 4th day of May, 2007.

**Signed By:**
***Karen K. Caldwell*** KKC
**United States District Judge**